IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1996



FILED

Nov. 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | ) | |
| | ) | No. 02C01-9511-CR-00336 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| vs. | ) | |
| | ) | Hon. L. T. Lafferty, Judge |
| **MALUNDA L. MYERS**, | ) | |
| | ) | (First Degree Murder) |
| Appellant. | ) | |

SEPARATE CONCURRING OPINION

I concur with my colleague's conclusion that the evidence was insufficient to establish the elements of first degree murder.

The facts of this case are heinous. The appellant beat, kicked and stomped a defenseless human being to the extent that death resulted. This was neither a fight nor an attempt to defend oneself from violent physical aggression. This was simply a brutal and savage one-sided beating.

On a sufficiency of the evidence review, we must affirm if the facts give rise to legitimate inference supporting the jury's findings. Otherwise, we merely supplant the jury's inferences with those of our own.

The facts in the case <u>sub judice</u> may lend themselves to a reasonable inference that the appellant intended to kill the victim. Had the appellant simply intended bodily harm, he could have ceased the savage beating either after the first blows or after the victim assumed a modified fetal position and pleaded for his life. The appellant, however, apparently had another agenda. That agenda may well have supported the jury's finding of first degree murder.

Nevertheless, in light of <u>State v. Brown</u>, 836 S.W.2d 530, 543 (Tenn.

1992), I am constrained to concur in the majority's decision.  I therefore conclude that the appellant is guilty of murder in the second degree.


_____

PAUL R. SUMMERS, Special Judge